UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS JOSHUA TRULL JR., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LODI; MICHAEL HITCHCOCK; and DOES 1 through 10, inclusive, <br><br> Defendants. | No. 2:23-cv-01177-TLN-CKD <br><br><br> **ORDER** |

This matter is before the Court on Defendants Michael Hitchcock ("Hitchcock") and the City of Lodi's (the "City") (collectively, "Defendants") Motion to Dismiss. (ECF No. 7.) Plaintiff Marcus Joshua Trull, Jr. ("Plaintiff") filed an opposition. (ECF No. 14.) Defendants filed a reply. (ECF No. 15.) For the reasons set forth below, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss. (ECF No. 7.)

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an alleged unlawful arrest. On February 27, 2019, Rafael Gonzalez Morfin, Jr. ("Morfin") was murdered in Lodi, California. (ECF No. 1 at 7.) On March 14, 2019, Plaintiff alleges Hitchcock arrested him for the murder of Morfin, despite not being present at the crime scene. (*Id*.) Plaintiff spent approximately three years in jail awaiting trial before the prosecution dismissed the charges against him. (*Id*. at 7, 10.) According to Plaintiff, his arrest and the three years he spent in jail awaiting trial were a direct result of Hitchcock and several unnamed defendants' misconduct, including fabricating evidence, manipulating witnesses, obtaining false statements, and refusing to turn over exculpatory evidence. (*Id.* at 8.)

On June 20, 2023, Plaintiff filed a Complaint against Defendants, alleging: (1) malicious prosecution under 42 U.S.C. § 1983 ("§ 1983"); (2) conspiracy to violate civil rights under § 1983; (3) failure to disclose materially exculpatory evidence under § 1983; (4) supervisory liability under § 1983; (5) deliberate fabrication of evidence under § 1983; (6) *Manson/Biggers* violations under § 1983; (7) municipal liability under § 1983 ("*Monell*"); (8) violations of Cal. Civ. Code § 52.1 ("§ 52.1"); and (9) negligence. (*Id*. at 7–27.)

On August 21, 2023, Defendants filed the instant motion to dismiss all claims except Plaintiff's seventh cause of action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 7-1 at 7.) Plaintiff filed an opposition, and Defendants filed a reply. (ECF Nos. 14, 15.)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to

define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

1   experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or
2   her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
3   dismissed.  *Id.* at 680 (internal quotations omitted).

4       In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits
5   thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
6   *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
7   *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*
8   *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true
9   allegations that contradict matters properly subject to judicial notice).

10      If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
11  amend even if no request to amend the pleading was made, unless it determines that the pleading
12  could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,
13  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));
14  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
15  denying leave to amend when amendment would be futile).  Although a district court should
16  freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
17  deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."
18  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting
19  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

20      **III.**    **ANALYSIS**

21      Defendants move to dismiss all claims except Plaintiff's *Monell* claim.  (ECF No. 7-1 at
22  7.)  The Court will address each claim in turn.

23      A.  <u>Malicious Prosecution</u>

24      Plaintiff's first cause of action is a claim for malicious prosecution under § 1983 against
25  Hitchcock.  (ECF No. 1 at 7.)

26      "A criminal defendant may maintain a malicious prosecution claim not only against
27  prosecutors but also against others — including police officers and investigators — who
28  wrongfully caused his prosecution."  *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011).  "To

maintain a § 1983 action for malicious prosecution, a plaintiff must show that 'the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her [a] specific constitutional right.'" *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

Defendants argue Plaintiff's malicious prosecution claim should be dismissed because Hitchcock is immune from liability under Cal. Gov't Code §§ 815.2(b) and 821.6. (ECF No. 7-1 at 9–10.) In opposition, Plaintiff contends his malicious prosecution claim is properly pled and Defendants' claim of immunity is preempted by § 1983. (ECF No. 14 at 10–11.)

The Court agrees with Plaintiff and finds Hitchcock is not immune under Cal. Gov't Code §§ 815.2(b) and 821.6. It is well-settled that state law cannot provide immunity from suit for federal civil rights violations. *E.g., Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000) (citing *Martinez v. State of Cal.*, 444 U.S. 277, 284 (1980) ("Immunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations.").

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's malicious prosecution claim.

### B. Civil Rights Conspiracy

Plaintiff's second cause of action is a civil rights conspiracy claim against Hitchock under § 1983. (ECF No. 1 at 12.)

"A civil conspiracy is a combination 'of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage.'" *Vieux v. E. Bay Regl. Park Dist.*, 906 F.2d 1330, 1343 (9th Cir. 1990) (quoting *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 n. 3 (9th Cir. 1984)). "To prove a civil conspiracy, the plaintiff must show that the conspiring parties 'reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement.'" *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999) (quoting *Vieux*, 906 F.2d at 1343). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps*

1 *Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc) (citing *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983)).

Defendants contend Plaintiff's civil rights conspiracy claim should be dismissed because "the complaint is devoid of any clear and explicit facts suggesting that a civil conspiracy was committed." (ECF No. 7-1 at 10.) Specifically, Defendants maintain Plaintiff fails to identify any overt acts or identify the names of the alleged co-conspirators. (*Id.* at 11.) Plaintiff disagrees and argues he has properly pled a civil conspiracy to violate his constitutional rights. (ECF No. 14 at 12.) In support of his argument, Plaintiff incorporates paragraphs 14 through 16 of his Complaint, which read:

> In addition to the above and foregoing, Defendants HITCHCOCK, and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.
>
> Defendants HITCHCOCK, and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.
>
> Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

(ECF No. 14 at 12; ECF No. 1 at 6–7.)

The Court finds Plaintiff has stated a plausible civil conspiracy claim. Defendants' contention that Plaintiff fails to identify any overt acts (ECF No. 7-1 at 10) is belied by the record. Paragraphs thirty-three (33) and thirty-four (34) of the Complaint allege Defendants acted in concert to deprive Plaintiff of his right to be free from an illegal seizure and failed to provide materially exculpatory information to him or his counsel. While the Complaint indicates unnamed defendants as alleged co-conspirators, Defendants fail to cite any binding or relevant persuasive authority indicating this is insufficient to state a civil conspiracy claim. Moreover, Plaintiff represents to the Court that he does not now know the names of the alleged co-

1    conspirators but will amend his Complaint to show the actual names once they are known.  (ECF
2    No. 1 at 6.)
3           Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's civil rights
4    conspiracy claim.
5                     C.  Failure to Disclose Materially Exculpatory Evidence
6           Plaintiff's third cause of action is essentially a *Brady* claim against Hitchcock for his
7    alleged failure to disclose materially exculpatory evidence.  (ECF No. 1 at 13.)
8           "The government has an obligation under *Brady v. Maryland* to provide exculpatory
9    evidence to a criminal defendant."  *U.S. v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004).  "To
10   establish a *Brady* violation, the evidence must be (1) favorable to the accused because it is either
11   exculpatory or impeachment material; (2) suppressed by the government, either willfully or
12   inadvertently; and (3) material or prejudicial.  *Id.* (citing *Benn v. Lambert*, 283 F.3d 1040, 1052–
13   53 (9th Cir. 2002)).
14          Defendants contend Plaintiff's third cause of action should be dismissed because there are
15   no allegations: (1) that the suppressed evidence was exculpatory; (2) that Defendants knew the
16   destroyed or withheld information was exculpatory; (3) of the actual evidence relied upon to
17   secure Plaintiff's arrest and detention; and (4) suggesting the subject evidence had any bearing on
18   the decision to dismiss the charges against Plaintiff.  (ECF No. 7-1 at 14.)  In opposition, Plaintiff
19   argues he has sufficiently pled all elements of his *Brady* claim, itemizing several items of
20   evidence that were favorable to him, willfully or inadvertently withheld from him, and
21   prejudicial.  (ECF No. 14 at 14.)
22          The Court finds Plaintiff has stated a plausible *Brady* claim.  Defendants' contention that
23   there are no allegations that Hitchcock withheld materially exculpatory evidence is belied by the
24   record.  For example, Plaintiff alleges a group of witnesses went to the Lodi Police Department
25   and provided Hitchcock with a video that shows a portion of the murder and told Hitchcock that
26   Plaintiff had no role in it.  (ECF No. 1 at 9.)  However, Plaintiff alleges Hitchcock "failed to even
27   disclose the eye-witness' statements that [Plaintiff] was not involved in the murder."  (*Id.*)
28   According to Plaintiff, the withholding of this and other evidence was the direct cause of

7

Plaintiff's prolonged detention. (*Id.* at 8.) In other words, Hitchcock's alleged withholding of evidence prejudiced Plaintiff. Moreover, Defendants cite no authority for the proposition that Plaintiff is required to allege Hitchcock knew the withheld information was exculpatory.

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's *Brady* claim.

### D. Supervisory Liability

Plaintiff's fourth cause of action is a supervisory liability claim against the City under § 1983. (ECF No. 1 at 15.)

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). However, "[a] supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* (citing *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987)).

Defendants contend Plaintiff's supervisory liability claim fails because, among other things, there are no facts identifying the names of the supervisory employees who allegedly engaged in the constitutional deprivation. (ECF NO. 7-1 at 16.) Plaintiff disagrees and argues he properly pled that "DOES 7 through 10, inclusive are liable for Supervisory Liability." (ECF No. 14 at 17.)

The Court agrees with Defendants and finds Plaintiff has failed to state a plausible claim of supervisory liability. Plaintiff's Complaint is devoid of any allegations that a supervisor had any personal involvement in the alleged constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Indeed, there are no allegations of a supervisor at all. Plaintiff appears to conflate supervisory liability with municipal liability, evidenced by this claim being asserted against the City rather than an individual. Moreover, Plaintiff cites no legal authority to support his contention that unnamed defendants may serve as the basis of a supervisory liability claim.

Accordingly, the Court DISMISSES Plaintiff's supervisory liability claim with leave to amend.

E.  Deliberate Fabrication of Evidence

Plaintiff's fifth cause of action is a deliberate fabrication of evidence claim against Hitchcock under § 1983.  (ECF No. 1 at 17.)

"To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017).  "To establish the second element of causation, the plaintiff must show that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Id.* (quoting *Whitlock v. Brueggemann*, 682 F.3d 567, 582–83 (7th Cir. 2012)).

Defendants contend Plaintiff's deliberate fabrication claim should be dismissed because the Complaint is "devoid of any specific allegations as to what evidence was fabricated by Hitchcock."[1]  (ECF No. 7-1 at 16.)  In opposition, Plaintiff argues he pled several items of evidence that were fabricated by Hitchcock and otherwise pled all necessary elements required to show a deliberate fabrication of evidence claim.  (ECF No. 14 at 18–19.)

The Court finds Plaintiff has stated a plausible claim of deliberate fabrication.  Plaintiff alleges Hitchcock intentionally and knowingly fabricated evidence, which led to his prolonged detention.  (ECF No. 1 at ¶¶ 23, 56–61.)  For example, Plaintiff alleges Hitchcock coerced witnesses into giving false statements and provided those statements during Plaintiff's preliminary hearing.  (*Id.* at ¶¶ 22–23.)  Plaintiff avers these and other acts by Hitchcock directly deprived him of his constitutional rights.  (*Id.* at ¶¶ 22–23, 33, 56–61.)

---

[1] In the event the Court denies their motion to dismiss Plaintiff's deliberate fabrication claim, Defendants request a more definite statement under Rule 12(b)(5).  (ECF No. 7-1 at 16.)  Under Rule 12(e), not Rule 12(b)(5), a party may move for a more definite statement where the pleading is so vague or ambiguous that the party cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).  "The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."  *Id.*  In the instant case, Defendants do not argue Plaintiff's Complaint is vague or ambiguous, and therefore, the Court DENIES Defendants' motion for a more definite statement.

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's deliberate fabrication claim.

### F. *Manson/Biggers* Violations

Plaintiff's sixth cause of action is a § 1983 claim of suggestive and unnecessary pretrial identification evidence against Hitchcock in violation of the holdings in *Manson v. Brathwaite*, 432 U.S. 98 (1977) and *Neil v. Biggers*, 409 U.S. 188 (1972) and their progeny. (ECF No. 1 at 19.)

"A photographic procedure that is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification violates the defendant's right to due process." *U.S. v. Hanigan*, 681 F.2d 1127, 1133 (9th Cir. 1982) (citation and quotations omitted). "Identification procedures that emphasize a single individual's photograph may be unduly suggestive." *Id.* (citing *Simmons v. United States*, 390 U.S. 377, 383 (1968)). "However, because reliability is the linchpin in determining the admissibility of identification testimony, a suggestive identification procedure will not be held to violate due process if sufficient indicia of reliability are present." *Id.* (citation and quotations omitted).

Defendants contend Plaintiff's claim of *Manson/Biggers* violations fails because there are no allegations identifying the actions taken by Hitchcock that violated Plaintiff's rights, and there are no facts suggesting the eyewitness identification was impermissibly suggestive. (ECF No. 7-1 at 17.) In opposition, Plaintiff argues he properly pled Hitchcock threatened witnesses with prosecution if they did not identify Plaintiff as the murderer. (ECF No. 14 at 19.)

The Court finds Plaintiff has plausibly stated a claim of *Manson/Biggers* violations. Defendants' contention that there are no allegations identifying the actions taken by Hitchcock that violated Plaintiff's rights, or suggesting improper eyewitness identification, is belied by the record. Paragraph 23(a) of the Complaint specifically alleges Hitchcock provided witnesses with a photo lineup asking them to identify men suspected to be involved with Morfin's murder but coerced the witnesses into identifying Plaintiff. Plaintiff alleges this conduct violated his right to due process. (ECF No. 1 at 19–20.)

///

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's claim of *Manson/Biggers* violations.

### G. § 52.1 Claim Against all Defendants.

Plaintiff's eighth cause of action is a claim under § 52.1 against Defendants. (ECF No. 1 at 25.)

"Civil Code section 52.1 requires 'an attempted or completed act of interference with a legal right, accompanied by a form of coercion.'" *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 472 (Cal. App. 4th Dist. 2007) (quoting *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)). "To obtain relief under Civil Code section 52.1, a plaintiff need not allege the defendant acted with discriminatory animus or intent; a defendant is liable if he or she interfered with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." *Id.* (citing *Venegas v. Cnty. of L.A.*, 32 Cal. 4th 820, 841–843 (2004)).

Defendants contend Plaintiff's § 52.1 claim fails because Plaintiff's allegations are conclusory and merely recite the elements of the cause of action. (ECF No. 7-1 at 18–19.) In opposition, Plaintiff argues he properly pled his § 52.1 claim. (ECF No. 14 at 20.)

The Court finds Plaintiff has stated a plausible § 52.1 claim. As already discussed, Plaintiff sufficiently alleges Hitchcock threatened or coerced witnesses into giving false testimony, leading to a purported violation of his constitutional rights.

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's § 52.1 claim.

### H. Negligence

Plaintiff's ninth cause of action is a negligence claim against Defendants under California law. (ECF No. 1 at 27.)

"Actionable negligence involves a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 594 (1970).

Defendants contend Plaintiff's negligence claim is foreclosed by the California Government Claims Act. (ECF No. 7-1 at 19.) Defendants maintain there is no common law tort liability against municipalities and because Hitchcock was acting in the course and scope of his

11


1  employment, Plaintiff's negligence claim fails against him too.  (*Id.*)  Plaintiff disagrees and
2  argues public entities are liable for injuries proximately caused by an act or omission of an
3  employee acting within the scope of their employment.  (ECF No. 14 at 20–21.)
4        The Court agrees with Plaintiff.  Under the California Government Claims Act, a public
5  entity is not liable for injuries except as provided by statute.  *See* Cal. Gov't Code § 815(a);
6  *Rogers v. City of S.F.*, No. 23-CV-04997-JCS, 2024 WL 813444, at *2 (N.D. Cal. Feb. 23, 2024).
7  However, public entities may be held liable for the negligent acts or omissions caused by their
8  employees within the scope of their employment, except where the employee is immune from
9  liability.  *See* Cal. Gov't Code § 815.2; *Nozzi v. Hous. Auth. of City of L.A.*, 806 F.3d 1178, 1189
10 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 2016).  A public
11 employee is immune from liability for injuries resulting from a discretionary act or omission.
12 Cal. Gov't Code § 820.2.  Defendants do not argue Hitchcock performed a discretionary act and
13 is therefore immune.  Nor could they.  As discussed above, Defendants had an obligation to
14 furnish Plaintiff with all materially exculpatory evidence.  Failure to do so was not the product of
15 a discretionary act for which immunity attaches.
16       Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's negligence
17 claim.
18             I.    Statute of Limitations
19       Defendants contend it is unclear whether Plaintiff complied with the statute of limitations
20 for actions brought under § 1983 and move for a more definite statement under Rule 12(b)(5).[2]
21 (ECF No. 7-1 at 19–20.)  The Court already found Defendants failed to meet the requirements of
22 Rule 12(e), and the same deficiencies are present here.  In any event, Plaintiff's opposition
23 addresses some of Defendants' concerns regarding the timeliness of his claims (ECF No. 14 at
24 21–22), obviating the need for a more definite statement.  For example, the parties agree that a
25 two-year statute of limitations period applies and begins to run from the date the prosecution
26 dismissed the charges against Plaintiff.  (ECF No. 7-1 at 19–20; ECF No. 14 at 21.)  Plaintiff
27
28   [2]    The Court notes Defendants again cite the wrong Rule.

points out the Complaint indicates he was arrested on March 14, 2019, and the prosecution dismissed the charges against him three years later. (ECF No. 14 at 21.) Thus, the two-year statute of limitations period began to run at some time in 2022, providing a deadline in 2024. Plaintiff filed his Complaint in 2023, and thus, was timely. To the extent Defendants later learn through discovery or otherwise that Plaintiff's claims are untimely, Defendants may raise the issue in their responsive pleading or a subsequent motion.

Accordingly, the Court DENIES Defendants' motion for a more definite statement.

### J. Damages

Finally, Defendants move to dismiss Plaintiff's claims for treble and punitive damages. (ECF No. 7-1 at 20–21.) However, a motion to dismiss is not the proper vehicle to challenge a claim of damages. *See Oppenheimer v. Sw. Airlines Co.*, No. 13-CV-260-IEG BGS, 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013) ("Because punitive damages are but a remedy, and thus neither constitutes a claim nor pertains to whether any claim has been stated, requests for punitive damages provide no basis for dismissal under Fed. R. Civ. P. 12(b)(6)."); *Monaco v. Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 WL 420139, at *6 (N.D. Cal. Feb. 6, 2007) ("[A] complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law.").

Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's prayer for relief, seeking treble and punitive damages.

///
///
///
///
///
///
///
///
///

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part Defendants' Motion to Dismiss (ECF No. 7) and DISMISSES Plaintiff's fourth cause of action for supervisory liability with leave to amend. The Court DENIES Defendants' Motion to Dismiss as to all other claims and DENIES all other motions. (ECF No. 7.)

Plaintiff may file an amended complaint not later than thirty (30) days after the electronic filing date of this Order. Defendants shall file any responsive pleading not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint.

If Plaintiff opts not to file an amended complaint, this action will proceed on Plaintiff's first, second, third, fifth, sixth, seventh, eighth, and ninth causes of action. Defendants shall file an answer not later than twenty-one (21) days from Plaintiff's deadline to file an amended complaint.

IT IS SO ORDERED.

Date: March 28, 2024

Troy L. Nunley
United States District Judge